(C. D. 1220)

WESTCO LIQUOR PRODUCTS CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 8, 1950)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* and *George R. Tuttle* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before Cline, Ekwall, and Johnson, Judges

Johnson, Judge: The protest in this case involves two entries originally liquidated August 7, 1941, the duty and internal revenue tax applicable thereto being accordingly assessed. Protests were duly filed against the assessment of both duty and internal revenue taxes. Such protests were dismissed by the court on December 22, 1947, Abstract 52078 (initial No. 117290–K). The collector of customs on May 27, 1948, nearly 5 months after the court's decision, and more than 7 years after liquidation, reliquidated both entries as to the amount of internal revenue tax applicable to the merchandise. Within the time prescribed by section 514 of the Tariff Act of 1930, the instant protest was filed against the amount of duty assessed by the collector in his liquidation of August 7, 1941, it being claimed that duty is assessable upon the quantities set out in Public Law 612 amending paragraph 813 of the Tariff Act of 1930.

At the trial of the case, counsel for the Government moved to dismiss the protest as untimely, inasmuch as it was filed more than 60 days after the liquidation, and the collector's decision as to the amount of duty had become final and conclusive upon all parties. The motion was taken under advisement by the court, and time was granted for the filing of briefs upon the motion.

The Government contends that the original liquidation of the duty applicable to the merchandise was not disturbed by the reliquidation. Consequently, section 514 denies the right to review a decision which was not challenged by the importer during the period in which a protest could have been filed, and that the decision of the collector as to the "dutiable quantity" referred to in section 2 of Public Law 612, amending paragraph 813, Tariff Act of 1930, had become final, thus making it inapplicable.

Counsel for the plaintiff in reply contends that Public Law 612 operates on any entry where the internal revenue tax was not finally determined prior to June 9, 1948, and that the second section of Public Law 612 specifically operates in three situations, as follows:

1. Where liquidation of entry or withdrawal has not become final;
2. Where the exaction has not become final; or
3. Where the decision as to dutiable quantity has not become final.

Therefore, it is argued by plaintiff's counsel that the attempt of Government to limit the operation of the second section of Public Law 612 to situations where the dutiable quantity has not become final, overlooks two-thirds of the relief granted by Congress; and

that inasmuch as the liquidation had not become final, the protest filed against the same operated to keep the final determination open.

In the case of *Westco Liquor Products Co.* v. *United States*, decided March 6, 1950, 24 Cust. Ct. 120, C. D. 1219, the situation before the court for decision involved an increase in the rate of the internal revenue tax. The collector of customs had demanded increased taxes on account of the discovery of the applicability of a greater rate. The demand and payment of the tax occurred more than 60 days after the liquidation of the entry, the time provided in section 514 of the Tariff Act of 1930, after which a liquidation becomes final and conclusive upon all persons including the United States or any officer thereof. The protest was filed against the increased demand and payment of the tax. The court held that an internal revenue tax is a customs duty for collection purposes and therefore subject to the customs laws governing the assessment and collection of duty, and that the demand and collection of the increased tax was illegal and void. The court cited in its opinion the case of *Wah Shang Co.* v. *United States*, 17 Cust. Ct. 173, Abstract 51274, where a reliquidation of the collector of customs made more than 60 days after liquidation, in which an internal revenue tax was assessed, was held to be illegal and void.

Here, also, the reliquidation of the collector as to the internal revenue taxes is illegal and void inasmuch as it was not made in accordance with the provisions of the customs laws. A protest which bases its sufficiency upon the illegal action of the collector becomes itself insufficient when not filed against such illegal act and should be dismissed. Moreover, even though the collector had acted within the purview of the statute in reliquidating the entries in question, the plaintiff does not stand in a better position. In the first place, protests filed against the duty and taxes assessed in connection with these entries had been previously adjudicated by the court, at which time the plaintiff neither moved for a rehearing nor appealed to a higher tribunal. Secondly, the liquidation of the entries herein had become final and conclusive against all parties. And, finally, paragraph 813 of the Tariff Act of 1930, as amended by Public Law 612, pertains solely to "the *duties* imposed on beverages in this schedule which are subject also to internal revenue taxes." [Italics not quoted.] Public Law 612 is undoubtedly broad and far reaching in its effect, and novel in that it has retroactive features, as pointed out in *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155, so as to apply to importations completed previous to the passage of the law, but which had not been finally liquidated on account of protests having been filed against some action taken by collectors of customs, thus suspending the finality of the liquidations thereof until the protests had been finally decided. Such protests when involving ques-

tions other than the quantity of liquors assessable with duty, may be amended to include such claim to bring it within the purview of Public Law 612. It is inconceivable, however, that the intention of the lawmakers could be stretched to such an extent that the retroactive features thereof may be applied to situations where the decision of the collector as to the quantity of liquor upon which duty should be assessed had become final and conclusive upon all parties under section 514 of the tariff act, and where a collector thereafter reliquidated an entry solely for the purpose of changing the rate or amount of internal revenue taxes applicable to the merchandise. By no stretch of the imagination would it be possible to construe section 2 of said Public Law 612 as making the amendment of paragraph 813 applicable to any levy other than that of a duty imposed in schedule 8 of the Tariff Act of 1930, the schedule of which paragraph 813 is a part.

For the reasons stated the motion of Government counsel to dismiss the protest is granted. Judgment will be entered accordingly.